UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY ROSENCRANTZ, #252422,<br>      Plaintiff,<br><br>v.<br><br>ANGELA SCHMALBACH, *ET AL.*,<br>      Defendants. | No. 1:24-cv-886<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Green's Report and Recommendation (R&R), (ECF No. 38), in which he recommended that Defendants Mukarurinda, Kunkel, and Schmalbach's motions for summary judgment be granted, (ECF Nos. 36, 37). Plaintiff objected to the R&R. (ECF No. 39). The Court finds that Plaintiff failed to exhaust his administrative remedies as to claims against these Defendants, so the Court adopts the R&R in full.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and

recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Courts grant summary judgment on an issue when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable factfinder could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts make all "reasonable inferences" in favor of the nonmovant when reviewing the record. *Malick v. Croswell-Lexington Dist. Schs.*, 148 F.4th 855, 861 (6th Cir. 2025).

## II.

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs, specifically that they denied his requests for distilled water to use with his CPAP device. Defendants moved for summary judgment on the basis of Plaintiff's failure to exhaust administrative remedies. Plaintiff raises two objections. First, Plaintiff argues that one of his grievances was sufficient to exhaust his available remedies and put Defendants on notice of his claims. Second, he argues that he needed limited discovery to provide proof that he properly exhausted his available remedies.

As to the first objection, the Magistrate Judge correctly concluded that neither of Plaintiff's grievances was sufficient to exhaust his available remedies as to his claims against these three Defendants. Plaintiff argues that one of his grievances, ICF-23-12-1260-12e3, was sufficient because it gave notice to the facility as to who may have been involved. (ECF No. 39 at PageID.305). Plaintiff named "Health Care," "HUM William," and "R/N White" in his Step I grievance. (ECF No. 37-1 at PageID.277). While Plaintiff is "not required to name each individual defendant in his grievance to satisfy the exhaustion requirements," the relevant grievance must provide named defendants "sufficient notice to respond to the specific allegations against them" later presented in a complaint. *Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *2 (6th Cir. Mar. 19, 2018). When a grievance does not name a defendant, the grievance "must at least include 'other information identifying the official, such as the official's title or position or even the facts set forth in the grievance.'" *Savoie v. Oliver*, 731 F. Supp. 3d 862, 872 (E.D. Mich. 2024) (quoting *Nettles v. Edgar*, No. 1:22-CV-119, 2022 WL 16556063, at *6 (W.D. Mich. Sep. 22, 2022)). At Step I, Plaintiff identified HUM William and R/N White, and claimed that when he kited R/N White about his need for distilled water and received a response indicating he should use tap water. (ECF No. 37-1 at PageID.277). At Step II, Plaintiff made reference to instances where "HUM orders me to use regular tap water or says CPAPs can effectively operate without water for 3 weeks." (*Id.* at PageID.274). At Step III, Plaintiff references specific statements he claims HUM Williams made denying his requests. (*Id.* at PageID.275). Plaintiff's grievances connect the facts to specific actors, and do not hint at the identity of anyone else; they are thus insufficient to have provided the present Defendants any notice

and cannot meet the exhaustion requirement for claims against them. *See Sedore v. Washington*, No. 23-10647, 2024 WL 1376477, at *4 (E.D. Mich. Mar. 31, 2024). The more general reference to health care providers failing to provide adequate treatment also fails to give specific, named Defendants required notice. *Mattox v. Edelman*, 851 F.3d 583, 596 (6th Cir. 2017) (rejecting the argument that grievances which "generally gave all relevant medical officials notice of [the plaintiff's] claim" could meet exhaustion requirement because that method of notice would "collapse the PLRA's exhaustion requirement"). Plaintiff's first objection is thus overruled.

In Plaintiff's second objection, he argues that he needed limited discovery to respond to the exhaustion defense and had no notice of how long he had to respond to Defendants' motions. Plaintiff does not explain how discovery could have yielded additional evidence relevant to administrative exhaustion or explain how the evidence Defendants present is inaccurate or incomplete. *See* Fed. R. Civ. P. 56(d) (providing that a nonmovant may show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment). The briefing schedule for dispositive motions is described in this Court's local rules. *See* W.D. Mich. LCivR 7.2(c). The second objection is also overruled.

### III.

Magistrate Judge Green correctly concluded that Plaintiff failed to exhaust his administrative remedies and Plaintiff has failed to explain how additional discovery would yield facts relevant to exhaustion. Since Plaintiff has failed to identify any errors in the

Magistrate Judge's R&R, the R&R (ECF No. 38) is **ADOPTED IN FULL**. Defendants' motions (ECF Nos. 36, 37) are **GRANTED**.

**IT IS SO ORDERED.**

Date: November 17, 2025                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge